UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LUSTER SCOTT, SR.,
    Plaintiff,

vs.                                            07-1281

STEVEN WRIGHT, et al.
    Defendants.

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of the plaintiff's motions to compel discovery [d/e 40, 41, 50]; the plaintiff's motion to extend the discovery deadline [d/e 48]; and the plaintiff's motion to amend his complaint. [d/e 49]

### I. BACKGROUND

The plaintiff filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Hill Correctional Center by Warden Steven Wright, Health Care Administrator Lois Mathis, Dr. Ravanan, Dr. Svoboda and Dr. Veda. On November 9, 2007, the court conducted a merit review and found the plaintiff had adequately alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim is against the defendants in their individual capacities only.

Specifically, the plaintiff says he injured his right knee while playing basketball at the correctional facility on April 3, 2005. The plaintiff says the defendants either ignored his injury or failed to provide proper medical care.

### II. DISCOVERY MOTIONS

The plaintiff has filed three motions to compel discovery. [d/e 40, 41, 50]. The plaintiff has attached his questions and the responses provided by the defendants. However, the plaintiff does not explain in any detail why he needs any additional information. He simply says the interrogatories are relevant to his claims. Nonetheless, the plaintiff is proceeding pro se. The court will therefore consider the plaintiff's interrogatories and the responses.

DEFENDANT MATHES:

Interrogatory #8: The plaintiff asks for the plaintiff to specify the "contractual duties" of the medical staff including the "contract title number and length for the time period of April 3, 2005 to January 23, 2007." (Plain. Mot, Ex. A, p. 4). The defendant objects and states if the plaintiff

1

is asking for a copy of the contract, the request is irrelevant to his claims. Nonetheless, the defendant points the plaintiff to the job descriptions for medical employees. The response is adequate. The plaintiff's claim involves only the care he received or did not receive from the named defendants.   His complaint did not articulate an official capacity claim and is not entitled to a copy of the contract.

Interrogatory #9, 10, 11, 12, 13 and 14: The plaintiff asks variety of questions about the defendant's work and personal history. For instance, the plaintiff asks for the names and addresses of all previous employers and job descriptions for the past ten years; any previous names used; any schooling from high school on; any professional license acquired and any license suspended or revoked. The defendant has objected. The court agrees that most of this information is not reasonably calculated to lead to the discovery of information relevant to the plaintiff's claims. Nonetheless, if the defendant had a medical license that was suspended or revoked at the relevant time periods of the complaint, the defendant must provide this information to the plaintiff.

DEFENDANT WRIGHT

Interrogatory #3, 4: The plaintiff asks the Warden to describe in as much detail as possible the policy, procedure and practices that govern his job.  In addition, the plaintiff asks the plaintiff for the name of all officials responsible for these polices, procedures and practices. The court agrees the request is overly broad, unduly burdensome and not reasonably likely to lead to the discovery of relevant information.  The plaintiff does not have an official capacity claim against any of the defendants based on policy or practice or custom or training.

Interrogatory #9: The plaintiff again asks a variety of questions about the defendant's work and personal history. The court agrees that the questions are not relevant to the plaintiff's claims with one exception: the plaintiff asks whether the plaintiff has been fired from his job.  However, the court notes that the defendant is still employed by the Illinois Department of Corrections.

DEFENDANTS RAVANAM, SVOBODA AND VADE

The plaintiff presented the same interrogatories to these three defendants.

Interrogatory #2: The plaintiff asks for the medical defendants to describe in detail the training they received before and during their jobs. The defendants objected that the interrogatory was irrelevant, but provided a copy of their educational and work history. The answer is sufficient.

Interrogatory #3: The plaintiff asks for the defendants to list every policy, procedure and practice that governs their jobs. The interrogatory is over broad and unduly burdensome.

Interrogatory # 8: The plaintiff asks the defendants to provide in detail their contractual duties "including the contract title number and length." (Plain Mot., Ex. C, p. 2). The defendants appropriately object that the contract information is irrelevant to the plaintiff's claims.  They

have provided the plaintiff with job descriptions.

Interrogatory # 9, 10:   The plaintiff asks for the names and addresses of previous employers over the past ten years.  The plaintiff also asks whether these doctors have ever lost a job prior to working in the Department of Corrections. The defendants say the object to providing information that may give the plaintiff the ability to obtain irrelevant, personal information about them.   The plaintiff has been provided basic work and educational backgrounds.  This is sufficient.

Interrogatory #11, 12: The plaintiff asks for personal information including any other names used and high school education.   The requests are not likely to lead to the discovery or relevant information.

Interrogatory #13: The plaintiff asks the defendants to provide a list of very professional license they have held, including the number of the license, its issuance and expiration.   Again, the defendants have provided the plaintiff with basic educational and work histories.  The plaintiff is not entitled to more.

Interrogatory #14: The plaintiff asks if any license the defendants have received has every been suspended or revoked and if so, he asks for the details.   The defendants object that the interrogatory is not relevant to the plaintiff's claims and could allow the plaintiff to obtain personal information.   The court does believe the doctors should state whether any of their medical licenses were ever suspended during the relevant time periods of this complaint.

REQUEST TO PRODUCE

The plaintiff also says the defendants did not properly respond to his requests for production of documents.  The plaintiff has only provided a copy of one request for documents and responses that were addressed to Defendants Mathes and Wright.  Therefore, these are the only responses the court can consider.[1]

Request # 2: The plaintiff asks for all documents containing "facts or opinions of person having knowledge of the occurrence alleged in the complaint, the damages claimed or any other matters alleged in the complaint including, but not limited to, notes or memorandum of conversations, un-transcribed tapes, court reporter notes, and correspondence with such persons." (Plain. Memo, Ex F, p. 2)

The defendants states that if the plaintiff is seeking his own medical records, they are easily available to him.  If he is seeking a copy of his deposition transcript, he can obtain that from the court reporter.   Beyond those documents, the defendants say they are not aware of

---

[1] The plaintiff's third motion to compel [d/e 50] does not provide a copy of any responses from the defendants.

other responsive documents. The plaintiff has not explained what other documents he might be seeking. The response is therefore adequate.

Request # 5: The plaintiff asks for all documents that "contain, mention, construe or refer to policies of how health care is provided to inmates..." (Plain. Memo, Ex F., p. 3). The defendants object that the request is over broad, unduly burdensome and irrelevant to the plaintiff's claims. The court agrees.

Request #7: The plaintiff asks for any "identifying information of the physical therapist Jason ? who the plaintiff saw one time on 02-09-2007, at Cottage Rehabilitation and Sports Medicine." (Plain. Memo, Ex. F, p. 3). The plaintiff addressed this request to the Illinois Department of Corrections Defendants. These individuals would not have this information and they have pointed the plaintiff to his own medical records.

The plaintiff's first and second motions to compel discovery are granted in part and denied in part. [d/e 40, 41] The plaintiff's third motion to compel discovery is denied. [d/e 50]. The plaintiff's motion to extend the discovery deadline for 90 days is denied. [d/e 48] The plaintiff has not identified any additional information needed to pursue this case.

### III. MOTION TO AMEND

The plaintiff has filed a motion asking for leave to file an amended complaint. [d/e 49]. The plaintiff again says he would like to add an official capacity claim. The plaintiff has not included a proposed amended complaint. More importantly, the plaintiff does not state the basis for any official capacity claim in his motion, nor does his original complaint state the basis for any official capacity claim. Finally, the plaintiff filed his motion after the deadline for summary judgement motions. The motion is denied. [d/e 49]

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's first and second motions to compel discovery are granted in part and denied in part. [d/e 40, 41] The plaintiff's third motion to compel discovery is denied. [d/e 50]. Defendant Mathes must state whether she had any medical license that was suspended or revoked during the relevant time period of the complaint. Defendants Doctors Ravanam, Svoboda and Vade must state whether any of their medical licenses were ever suspended during the relevant time periods of this complaint. The defendants must provide this information to the plaintiff within the next 14 days.**

**2) The plaintiff's motion to extend the discovery deadline for 90 days is denied. [d/e 48] The discovery period is closed.**

**3) The plaintiff's motion for leave to file an amended complaint is denied. [d/e 49]**

**4) The plaintiff must file a response to the pending motions for summary judgement on or before November 14, 2008.**

Entered this 23rd day of October, 2008.

                            **s\Harold A. Baker**
                          _____
                              HAROLD A. BAKER
                          UNITED STATES DISTRICT JUDGE